## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 10-86-P-H |
| | ) | |
| JACKIE DARRELL TAYLOR, JR., | ) | |
| DEFENDANT | ) | |

## ORDER ON MOTION TO DISMISS

The defendant's motion to dismiss the Indictment in this prosecution under 18 U.S.C. § 228(a)(3)(the Deadbeat Parents Punishment Act) is **DENIED**. His first argument, that the statute is outside the proper scope of congressional power under the Commerce Clause, has already been resolved against the defendant in this Circuit. United States v. Bongiorno, 106 F.3d 1027, 1032 (1st Cir. 1997)(The defendant recognizes the contrary authority, but wishes to preserve the issue for appeal. Mot. To Dismiss at 1 (Docket Item 40)).

His second argument is that use of the underlying California decree violates his constitutional right to due process (a) because it created a child support obligation that was excessive under California law and (b) because he did not appear at the hearing and was defaulted. Mot. To Dismiss at 2. But the cases are uniform that collateral attacks on the merits of the underlying support order are not available; they must be challenged in the state court where they originated. United States v. Kerley, 416 F.3d 176, 178 (2d Cir.

2005) (citing cases including United States v. Molak, 276 F.3d 45, 50-51 (1st Cir. 2002)). As for due process, although the defendant asserts that he did not appear in the California court and was defaulted, he has not argued that the California court lacked jurisdiction over him or that he failed to receive notice. Thus, there is no viable due process challenge even under the few cases that have recognized that type of collateral attack. See, e.g., United States v. Bigford, 365 F.3d 859, 872 (10th Cir. 2004); United States v. Kramer, 225 F.3d 847, 857 (7th Cir. 2000).

The motion to dismiss is **DENIED**.

**SO ORDERED.**

**DATED THIS 19TH DAY OF OCTOBER, 2010**

/s/ D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**